UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PHILLIP SIMS                                CIVIL ACTION NO. 19-cv-0043

VERSUS                                      JUDGE FOOTE

JOHN DOE                                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Phillip Sims ("Plaintiff") filed suit in state court for damages arising out of a workplace accident in which he was injured. Plaintiff's original complaint named John Doe, Big Boy Ranch, LLC, and ABC Insurance as defendants. In two subsequent amended complaints, Plaintiff identified Vine Oil and Gas, LP, as a defendant, identified Abner Haynes in place of John Doe, and identified Hallmark County Mutual Insurance Company in place of ABC Insurance Company.

Defendants Big Boy Ranch and Hallmark filed a notice of removal based on an assertion of diversity jurisdiction, which puts the burden on the removing party to prove complete diversity of citizenship of the parties and an amount in controversy over $75,000. The notice of removal alleges that Plaintiff is a domiciliary of Louisiana. The notice of removal also alleges that "[b]ased on available medical information and records, it is apparent that the requisite amount in controversy is present." This assertion is supported by the itemized damages listed in Plaintiff's state court petition, which include a fractured pelvis and multiple surgeries. These allegations appear to be sufficient with respect to Plaintiff's citizenship and the amount in controversy.

The notice of removal alleges that Hallmark is "a foreign corporation authorized to do business in Louisiana and domiciled in the state of Texas." A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). The notice of removal does not state with specificity either of the required facts about Hallmark.

The notice of removal alleges that Big Boy Ranch is a "Texas limited liability company and has its principal place of business in the State of Texas." The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or

partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018). Accordingly, specific information about the members of Big Boy Ranch is required to meet the removing parties' burden.

The notice does not contain any allegations regarding the citizenship of either Vine Oil and Gas or Abner Haynes, presumably because neither party has been served. A non-resident defendant cannot remove an action based on diversity jurisdiction if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of whether that co-defendant has been served. Diversity in a removal case is determined from the fact of citizenship of the parties named and not from the fact of service. New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998). The removing parties must allege with specificity the citizenship of Vine Oil and Gas and Abner Haynes. The rules for alleging the citizenship of Vine, whose name suggests it is a limited partnership, are the same as for the LLC discussed above. Whalen v. Carter, 954 F.2d 1087, 1095 (5th Cir. 1994) ("a limited partnership is a citizen of each state in which its partners—both general and limited—hold citizenship").

Removing counsel are directed to file an amended notice of removal that cures the deficiencies outlined above. The deadline to file the amended notice is **February 8, 2019**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of January, 2019.

Mark L. Hornsby
U.S. Magistrate Judge